OPINION
Plaintiff-appellant, Joyce Heckel, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, changing the pick-up/drop-off location for defendant-appellee, Joseph Heckel's, visitation with their daughter, Veronica Heckel.
The parties' marriage was dissolved in 1998, with Joyce being designated as Veronica's residential parent and Joseph receiving visitation. In May 1999, Joseph filed a motion for contempt and to modify the pick-up/drop-off location for his visitation with Veronica. Following a hearing, a magistrate continued the contempt motion for ninety days, but modified the pick-up/drop-off location. Joseph would pick-up Veronica at Joyce's work, but Veronica would be returned to Joyce at the city of Hamilton Police Department where Joseph works.
Joyce objected to the magistrate's decision. The trial court overruled her objections but modified the magistrate's decision and ordered that both the visitation pick-up and drop-off be at the Hamilton Police Department. Joyce appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT ORDERED THE PICK-UP/DROP-OFF OF THE CHILD TO BE AT THE HAMILTON, OHIO POLICE DEPARTMENT.
In her sole assignment of error, Joyce contends that the trial court erred in modifying the pick-up/drop-off location. She asserts that the trial court failed to consider the statutory requirements for modifying visitation or related issues.
Modification of visitation rights is governed by R.C. 3109.051.Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus. R.C. 3109.051(C) provides:
 When determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, when establishing a specific visitation schedule, and when determining other visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider any mediation report that is filed pursuant to section 3109.052 of the Revised Code and shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section.
Pursuant to this section, the trial court need consider only whether modification of visitation or a related issue is in the child's best interest. Braatz, 85 Ohio St.3d at paragraph two of the syllabus. The best interest of the child is judged by the non-exclusive list of factors provided in R.C. 3109.051(D).Id.
When making its determinations in custody or visitation cases, the trial court, as the trier of fact, must be given wide latitude to consider all issues. Davis v. Flickinger (1997), 77 Ohio St.3d 415,418-419. The decision of the trial court may be reversed only if it is found to constitute an abuse of that court's discretion. Braatz, 85 Ohio St.3d at 45. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. The trial court's decision must be without a reasonable basis or not supported by competent, credible evidence. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401.
The record indicates that at the magistrate's hearing, it was established that it was in Veronica's best interest to modify the pick-up/drop-off location. Since the initial decree of dissolution, the parties have had difficulties with visitation. Joyce filed a domestic violence complaint against Joseph arising out of an exchange of Veronica. Joseph has had to pick-up or drop-off Veronica when either his brother, with whom he does not get along, or Joyce's family was present with Joyce. Although no altercations took place, they did present situations of heightened tension. This is especially an issue because Joseph is a police officer, and any criminal charges or altercations could affect his employment.
The trial court's decision was in Veronica's best interests. Joyce and Joseph cannot communicate, even arguing at the magistrate's hearing. Clearly, where parents harbor such animosity and have such difficulty communicating, it is reasonable to believe that it would be in the child's best interest to have the pick-up/drop-off location be at a safe, neutral place.
A police station does provide such safe harbor. Additionally, it provides an extra incentive for the parties to refrain from hostilities. Joseph's job would be jeopardized by an altercation. Joyce can be arrested should there be a confrontation. The trial court's decision is supported by the record.
The trial court did not abuse its discretion by changing the pick-up/drop-off location to the Hamilton Police Department. The assignment of error is overruled.
Judgment affirmed.
 ________________________ YOUNG, J.
POWELL, P.J., and WALSH, J., concur.